**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 22, 2019

LETTER TO THE PARTIES

RE:     *Hephzibah G. v. Commissioner, Social Security Administration*;[1]
        Civil No. SAG-18-1186

Dear Plaintiff and Counsel:

On April 23, 2018, this case was removed from the District Court for Montgomery County to this Court.  ECF 1.  Plaintiff Hephzibah G., who appears *pro se*, is appealing the Social Security Administration's ("SSA's") final decision applying the Windfall Offset Provision to her payment of benefits owed for prior months.  ECF 2.  I have considered Plaintiff's Motion for Summary Judgment, the SSA's Motion for Summary Judgment, and Plaintiff's reply.  ECF 26, 27, 29.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

After filing claims for both Disability Insurance Benefits under Title II ("DIB") and Supplemental Security Income ("SSI"), Plaintiff received notice, dated May 17, 2013, that she had been found disabled as of November 25, 2011.  Tr. 121-33.  In a series of subsequent communications, the SSA notified Plaintiff that she was eligible for both DIB and SSI, including retroactive benefits.  Tr. 87-88, 96-115, 116-19.  However, the SSA explained that she would not receive the full amount of benefits for both DIB and SSI.  *Id.*  With regards to retroactive benefits, Plaintiff received her retroactive SSI benefits, but had her retroactive DIB reduced, pursuant to the Windfall Offset Provision.  *Id.*  With regards to benefits going forward from mid-2013, the SSA explained that Plaintiff would receive DIB, but that the DIB payments were considered a source of income that would reduce her SSI payments.  *Id.*

Plaintiff argued that she should be entitled to both types of benefits, but her request for reconsideration of the application of the Windfall Offset Provision was denied.  Tr. 79-83.  A hearing was held on April 30, 2015, before an Administrative Law Judge ("ALJ").  Tr. 145-73. Following that hearing, the ALJ issued an opinion determining that the SSA had properly applied

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

the Windfall Offset Provision. Tr. 21-26. The Appeals Council denied Plaintiff's request for review, Tr. 4-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). The real issue in this case is whether the SSA applied the appropriate legal standards in determining the payments it owed to Plaintiff. For the reasons stated below, I concur with the SSA's determination.

Plaintiff's appeal is premised on one basic argument: the SSA sent her a letter on April 23, 2014, explaining that she could not be paid the full amount of DIB and SSI for the same month and citing just one legal authority: 20 C.F.R. § 404.408b. Tr. 87-88. Plaintiff contends that the SSA, then, is constrained to apply only that regulation it cited, and she interprets 20 C.F.R. § 404.408b to permit her to receive both DIB and SSI for the same month. ECF 29.

Plaintiff is correct that the SSA's April 23, 2014 letter failed to cite to the applicable federal law, the Windfall Offset Provision Congress enacted at 42 U.S.C. § 1320a-6. That statute reads, in relevant part:

> Notwithstanding any other provision of this chapter, in any case where an individual — (1) is entitled to benefits under subchapter II that were not paid in the months in which they were regularly due; and (2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due, then any benefits under subchapter II that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under subchapter II in the month or months in which they were regularly due.

42 U.S.C. § 1320a-6(a). Although the SSA failed to reference that statute in its correspondence to Plaintiff, both the SSA and this Court remain bound to apply any law duly enacted by Congress. *See Chevron USA, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."). The Windfall Offset Provision operates to ensure that a claimant receives only the exact amount to which she is entitled, even if the claimant is awarded both DIB and SSI. *See Steigerwald v. Comm'r of Soc. Sec.*, No. 1:17-CV-1516, 2018 WL 454400, at *1 (N.D. Ohio Jan. 17, 2018) ("For this reason, when a claimant qualifies for both retroactive Title II and SSI benefits, SSA performs a

calculation to ensure that the claimant is not paid a greater amount than they would have received if the claimant's benefits were paid when originally owed.").  The Windfall Offset Provision clearly requires the SSA to do what it did in this case:  Plaintiff was entitled to Title II benefits that were not paid in the months when they were regularly due, and she is an individual eligible for SSI for one or more of the months in which her DIB benefits were regularly due. The SSA therefore properly reduced her Title II benefits by the amount equal to the SSI benefits that would have been withheld if both types of benefits had been paid in the months in which they were regularly due.

I will not reach the merits of Plaintiff's interpretation of 20 C.F.R. § 404.408b, because even if the regulation somehow contradicted the statute, I am bound to apply 42 U.S.C. § 1320a-6.  Accordingly, Plaintiff's motion, ECF 26, is DENIED and the SSA's motion, ECF 27, is GRANTED,  pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge